UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00125-JAW-03 |
| | ) | |
| APOLINAR ORTIZ-ISLAS | ) | |

**ORDER ON VENUE INSTRUCTION**

In this drug trafficking conspiracy case, the Court rejects the Defendant's request for a jury instruction on venue that would omit an instruction that venue exists in any district in which an overt act in furtherance of the conspiracy took place. Instead the Court will instruct the jury that the Government will be required to establish venue by demonstrating by a preponderance of the evidence either that an agreement or that an overt act in furtherance of the agreement took place in the District of Maine. The Defendant's proposed instruction, eliminating the overt act means of establishing venue, is contrary to long-standing and well-settled law.

I.   **STATEMENT OF FACTS**

Apolinar Ortiz-Islas faces a jury trial beginning October 15, 2013 on a drug-trafficking conspiracy charge. By allegation, the Government intends to prove at trial that a cocaine trafficking conspiracy existed among: one United States citizen living in the state of Maine, Robert Rossignol; two Canadian citizens, Mathieu LeBlanc and Chad Hallett; and a number of people living in the state of Texas, including Apolinar Ortiz-Islas. As the Government sees it, Mr. Rossignol would smuggle cash across the United States border into Maine for the two Canadians,

once the cash was safely past the border in Maine, the Canadians would transport it to Texas, where they would buy cocaine from individuals including Mr. Ortiz-Islas. The Canadians would transport the cocaine back to Maine, where they would hand it off to Mr. Rossignol, who would smuggle the cocaine across the Maine border into Canada for the Canadians, where they and others would sell it for cash.

## II.   THE PARTIES' POSITIONS

Venue is an issue in this trial. After indictment, Mr. Ortiz-Islas challenged whether this District has proper venue and on March 13, 2013, the Court denied his motion for change of venue. *Order on Defs.' Mot. for Change of Venue and Mot. for Severance* (ECF No. 123). With trial scheduled, on September 23, 2013, Mr. Ortiz-Islas submitted the following proposed jury instruction on venue:

> The government must prove that the conspiracy alleged in Count I occurred in Maine, and therefore that the trial should occur here as well. Unlike the burden of proof it carries in establishing the conspiracy charged, the government must prove that venue, or the place the trial is taking place, is correct only by a preponderance of the evidence. That means that it is only more likely than not that any part of the illicit agreement charged in Count I actually occurred here in Maine. Because conspiracy is a continuing offense, venue (and therefore trial) is appropriate in any jurisdiction in which members of the conspiracy were located during the time of the conspiracy, as well as the participation of the defendant on trial. Proper venue is a constitutionally protected right. Thus, it is important for you to determine whether the Government proved the single conspiracy charged in Count I, and that during the time period Apolinar Ortiz Islas was a member of that single conspiracy (if any), a member of the conspiracy was located in Maine.

*Requested Jury Instructions of Def.* at 25 (ECF No. 189).  In its supplemental trial brief filed on September 26, 2013, the Government proposed the following jury instruction on venue:

> You will recall that I informed you earlier that venue is an issue in this case and, unlike the elements of the offense charged, does not require proof beyond a reasonable doubt.  The indictment alleges that Mr. Ortiz-Islas committed the offense at least in part in the District of Maine, which means the state of Maine.  There is no requirement that the entire conspiracy charged in Count One took place in Maine.  But for you to return a guilty verdict on [Count One], the Government must convince you that either the agreement, or an overt act in furtherance of the alleged conspiracy, took place in Maine.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  The Government is not required to prove that the Defendant personally committed or knew about the overt act.

*Gov't's Supplemental Trial Br.* at 1-2 (ECF No. 194).  On October 7, 2013, Mr. Ortiz-Islas objected in part.  *Def.'s Mem. in Opp'n to Gov't's Proposed Venue Instruction* (ECF No. 199) (*Def.'s Opp'n*).  Specifically, Mr. Ortiz-Islas did not object to the first three sentences of the Government's proposed instruction, but did object to the last three sentences.  *Id.* at 2-3.

To support his proposed instruction, Mr. Ortiz-Islas points out that the Supreme Court has ruled that an overt act is not a necessary element to a conspiracy.  *Id.* at 4.  He relies on *United States v. Shabani*, 513 U.S. 10 (1994), in which the Supreme Court held that "[i]n order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." *Id.* at 15.  Instead, as the *Shabani* Court explained, it is "the criminal agreement itself [that] is the *actus reus*." *Id.* at 16.  Thus, he

3

maintains that the jury should be instructed that "if they find Mr. Ortiz Islas entered into the agreement charged, they must also find that the agreement occurred in Maine or the object of the agreement was to occur in Maine." *Def.'s Opp'n* at 6. Mr. Ortiz-Islas concludes that "[i]f the object of the agreement or the agreement itself did not occur in Maine, then venue would not be appropriate in this District." *Id.* In other words, he requests that "the jury be properly informed as to the requirement that he, personally, entered into an agreement that either was made in Maine or affirmatively targeted Maine as the locus of distribution." *Id.* at 7. Mr. Islas-Ortiz declares that "[t]he Constitution demands no less." *Id.*

Citing constitutional and criminal rules provisions, the Government responded on October 9, 2013 that "venue exists where any co-conspirator committed any overt act in furtherance of the alleged conspiracy." *Gov't's Reply to the Def.'s Resp. to Supplemental Req. to Charge Regarding Venue* at 1-2 (ECF No. 206) (citing U.S. CONST. art. III, cl. 3, amend. VI; FED. R. CRIM. P. 18; *United States v. Joselyn*, 99 F.3d 1182, 1191 (1st Cir. 1996)). The Government says that because conspiracy is a "continuing offense," it may be prosecuted in any district in which it was "begun, continued, or completed." *Id.* at 2 (quoting 18 U.S.C. § 3237(a)).

### III.  DISCUSSION

The grand jury charged that Apolinar Ortiz-Islas "knowingly and intentionally conspired with persons known and unknown to commit offenses against the United States, namely, distribution and possession with intent to distribute five kilograms or more of a mixture or substance containing cocaine a

4

Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1)." *Superseding Indictment* (ECF No. 55). Although the superseding indictment charged that the conspiracy took place "in the District of Maine and elsewhere," *id.*, "[t]he right to be tried in the appropriate venue is one of the constitutional protections provided to defendants by the Sixth Amendment." *United States v. Scott*, 270 F.3d 30, 34 (1st Cir. 2001). Thus, Mr. Ortiz-Islas has the right to put the Government to its proof as to whether it can establish that venue is proper in the District of Maine.

In determining whether venue is proper, the First Circuit has focused on "the nature of the crime alleged, determined by analyzing the conduct constituting the offense, and the location (or, if the crime is a continuing one, locations) of the commission of the criminal acts." *Id.* at 35. The First Circuit has stated that "[i]f the crime consists of distinct parts, taking place in different localities, then venue is proper wherever any part can be proved to have taken place." *Id.* In general, a conspiracy is often considered a "continuing offense" that "may persist long past its commencement." *United States v. Welch*, 15 F.3d 1202, 1207 (1st Cir. 1993); *United States v. Munoz-Franco*, 487 F.3d 25, 55 n.32 (1st Cir. 2007). As the First Circuit noted in *Scott*, this concept is codified in part in 18 U.S.C. § 3237(a) (1994), which provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed . . . .

*Scott*, 270 F.3d at 35 n.2 (quoting 18 U.S.C. § 3237(a) (1994)).  Based on this backdrop, there would seem nothing unusual about venue lying in Maine for a drug trafficking conspiracy where it is alleged that cash was smuggled into Maine from Canada by a Maine resident, that the cash was transferred inside Maine, and that the drugs purchased in Texas from this cash were transported through Maine, given to the Maine resident and smuggled across the United States border in Maine into Canada for distribution in Canada.

But Mr. Ortiz-Islas insists that venue for a conspiracy is different than for other crimes because a conspiracy does not require the commission of an overt act; instead the "gist of the [conspiracy] offense remains the agreement." *Def.'s Opp'n* at 4 (quoting *United States v. Glenn*, 925 F.2d 855, 857 (1st Cir. 1987)).  He stresses that the First Circuit has directed the district court to determine "what kind of agreement or understanding existed *as to each defendant*." *Id.* (quoting *Glenn*, 925 F.2d at 857) (emphasis in original).  Armed with this principle, Mr. Ortiz-Islas says that his alleged agreement was limited to selling cocaine to people in Texas and that he should not be responsible for their decision to haul it through the United States, up to Maine, and across the border into Canada; he asserts that "[i]f the object of the agreement or the agreement itself did not occur in Maine, then venue would not be appropriate in this District." *Id.* at 6.  He especially objects to the portion of the instruction that would instruct the jury on an "overt act" occurring in Maine, arguing that an overt act is insufficient to confer venue in Maine because "no overt act is required as an element of the offense." *Id.* at 7.

6

The problem with Mr. Ortiz-Islas' analysis is that the Supreme Court considered and rejected this argument. Most recently, in *Whitfield v. United States*, 543 U.S. 209 (2005), the Supreme Court confirmed that "[f]or a conspiracy prosecution under the common law rule, the district in which the unlawful agreement was reached would satisfy this default venue rule."[1]  *Id.* at 218. However, the *Whitfield* Court added that "this Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense."  *Id.*

In support of this proposition, the *Whitfield* Court cited *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 252 (1940), and *United States v. Trenton Potteries Co.*, 273 U.S. 392, 402-04 (1927).  *Trenton Potteries* involved an alleged violation of the Sherman Anti-Trust Act, which—like the alleged conspiracy here—required only an agreement to conspire in restraint of trade, not an overt act to carry out the agreement.  *Trenton Potteries*, 273 U.S. at 402.  In *Trenton Potteries*, the defendants argued that venue was not appropriate in New York because the

---

[1]  In his reply, Mr. Ortiz-Islas writes:

> The *Whitfield* decision unequivocally states that the correct venue for an unlawful agreement that has no overt act requirement is the district in which the unlawful agreement was reached.

*Def.'s Reply* at 2.  In fact, the *Whitfield* decision stated that "[f]or a conspiracy prosecution under the common law rule, the district in which the unlawful agreement was reached would satisfy this default venue rule."  *Whitfield*, 543 U.S. at 218.  In its careful use of language, the Supreme Court made it clear that the district where the conspiracy agreement was entered into would have venue over a criminal case that charged the conspiracy, but it never said that venue would not exist in other districts where overt acts were undertaken in furtherance of the conspiracy.  Mr. Ortiz-Islas' use of the terms "the correct venue" and "the district" as opposed to "a correct venue" and "a district" badly misinterprets *Whitfield*.

7

agreement to conspire had not been entered into there, but the Supreme Court rejected that argument, noting that overt acts in New York satisfied venue requirements. *Id*. at 403-04. In 1940, the Supreme Court reiterated this principle in *Socony-Vacuum*, another Sherman Anti-Trust Act case. *Socony-Vacuum*, 310 U.S. at 252-54. Thus, since 1927 the rule has been that venue is appropriate in the district where the conspiracy agreement was made and in any district where an overt act in furtherance of the conspiracy took place.

Furthermore, to the extent that Mr. Ortiz-Islas claims that a drug-trafficking conspiracy is somehow different, his contention runs against clear First Circuit authority. In *United States v. Uribe*, 890 F.2d 554 (1st Cir. 1989), the First Circuit addressed a venue issue in a drug trafficking conspiracy that charged criminal violations of the same laws charged against Mr. Ortiz-Islas, 21 U.S.C. §§ 841(a)(1) and 846.[2] *Id*. In *Uribe*, the defendant challenged venue on the ground that he "never had possession of the contraband, actual or constructive, within the district." *Id*. at 558. The First Circuit rejected his challenge:

> To deal with continuing offenses such as conspiracy, Congress enacted 18 U.S.C. § 3237(a) (1982), establishing that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." This proviso was originally enacted as part of a statute defining conspiracy, and has regularly been applied in conspiracy cases. As to the conspiracy charge (count one), it is clear beyond peradventure that venue was proper so long as any act in furtherance of the conspiracy was committed in the district (even if a particular conspirator was not himself physically present there). "Venue is

---

[2] In *Uribe*, the grand jury also charged a violation of 21 U.S.C. § 841(b)(1)(B)(ii) and aiding and abetting under 18 U.S.C. § 2. *Uribe*, 890 F.2d at 555. These additional charges do not affect the analysis.

8

>sustained either by proof that the conspiracy or an overt act occurred in the district."

*Id.* at 558 (citations omitted). A clearer directive from the First Circuit is difficult to imagine. *See United States v. Josleyn*, 99 F.3d 1182, 1191 (1st Cir. 1996) ("As a general rule, venue in a conspiracy case depends upon whether an overt act in furtherance of the alleged conspiracy occurred in the trial district").

Finally, Mr. Ortiz-Islas draws a distinction between his case, where the Government has not claimed that the cocaine was actually distributed in the District of Maine, and cases where the drugs were originally procured in another district and transported for retail sale in the trial district, conceding that if the latter occurred, the "actuation" of the conspiracy would have occurred in Maine. *Def.'s Opp'n* at 5. But the courts have not recognized Mr. Ortiz-Islas' distinction. To the contrary, in *Uribe*, the First Circuit cites *United States v. Sandini*, 803 F.2d 123 (3d Cir. 1986), for the proposition that "venue [is] proper for drug importation wherever [the] contraband moved." *Uribe*, 890 F.2d at 559 (citing *Sandini*, 803 F.2d at 128). Moreover, at the very least, the Government's proffered description of Maine's role in this drug trafficking conspiracy is sufficient to generate a factual question for jury resolution as to whether the Maine activities are sufficient to confer venue.

None of this means that Mr. Ortiz-Islas must concede that venue is proper. At trial, when raised, the Government has the burden to prove proper venue by a preponderance standard based on a jury instruction on venue substantially the same as the one the Government proposed. However it does mean that the

9

Government will be allowed to demonstrate proper venue either by showing that the conspiracy agreement was entered into in the District of Maine or that an overt act in furtherance of the conspiracy took place in the District of Maine.

In addition, Mr. Ortiz-Islas is entitled to put the Government to its proof that he was involved in the conspiracy charged in the superseding indictment and not some other conspiracy, and the Court will instruct the jury on the Government's burden to prove beyond a reasonable doubt that Mr. Ortiz-Islas was a member of the conspiracy alleged in the indictment and not some other conspiracy. But he is not entitled to a jury instruction that would omit an instruction that an overt act in furtherance of the alleged conspiracy may be sufficient to confer venue in the District of Maine.

### IV.   CONCLUSION

The Court concludes that the Government's proposed venue instruction is correct and that the Defendant's proposed venue instruction is not. Accordingly, the Court will instruct the jury substantially in accordance with the Government's proposed instruction if the venue issue is generated at trial.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2013