UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:12-cr-00125-JAW-3 |
| | ) |
| APOLINAR ORTIZ-ISLAS, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION FOR SENTENCE REDUCTION PURSUANT TO THE FIRST STEP ACT**

Defendant moves to reduce his sentence pursuant to § 404 of the First Step Act, Pub. L. No. 115- 391 (2018).  (Motion, ECF No. 350.)  Following a jury trial, Defendant was convicted of conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine; the Court sentenced Defendant to 170 months in prison. (Judgment, ECF No. 284.)  The First Circuit affirmed.  *United States v. Ortiz-Islas*, 829 F.3d 19, 23 (1st Cir. 2016).  The Government opposes the motion.  (Response, ECF No. 351.)

Following a review of the record and after consideration of Defendant's motion and the Government's response, I recommend the Court deny Defendant's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant participated in a drug distribution conspiracy that involved the transportation of cocaine from Texas to Maine between 2010 and 2012.  Defendant was indicted in August 2012, and in October 2013, a jury found Defendant guilty of conspiracy

to distribute and to possess with intent to distribute five kilograms or more of cocaine. (Superseding Indictment at 1, ECF No. 55; Jury Verdict, ECF No. 218.) The Court sentenced Defendant to 170 months imprisonment in August 2014. (Judgment, ECF No. 284).

In July 2016, the First Circuit upheld the conviction and sentence. *United States v. Ortiz-Islas*, 829 F.3d 19 (1st Cir. 2016). Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in October 2017, which the Court denied in November 2018. (Section 2255 Motion, ECF No. 324; Recommended Decision, ECF No. 342; Order, ECF No. 348.)

## DISCUSSION

Under § 404 of the First Step Act, the provisions governing minimum quantities and mandatory minimum sentences for cocaine base in the Fair Sentencing Act of 2010, Pub L. No. 111-220 (2010), apply retroactively to sentences imposed before August 3, 2010. *See United States v. Smith*, 954 F.3d 446, 446–48 (1st Cir. 2020); *see also, United States v. Pierre*, 372 F. Supp. 3d 17, 18–20 (D.R.I. 2019) (summarizing the history of the penalties for cocaine base). The First Step Act does not provide a basis to reduce Defendant's sentence because his crime involved cocaine, not cocaine base. The Fair Sentencing Act and the First Step Act did not retroactively change the penalties applicable to defendants whose conduct did not involve cocaine base. Even if Defendant's conviction had involved cocaine base, he was sentenced after August 2010, and thus his term of imprisonment would have already accounted for the changes to the cocaine base minimums. Accordingly, Petitioner is not entitled to relief under § 404 of the First Step Act.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion for a sentence reduction pursuant to the First Step Act.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of May, 2020.